```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NEW HAMPSHIRE
```

Scottsdale Capital Advisors
Corp., et al.

    v.                                        Civil No. 16-cv-545-JL

The Deal, LLC, et al.

## **PROCEDURAL ORDER**

Plaintiffs Scottsdale Capital Advisors Corp. ("SCA") and John Hurry filed this suit against defendants The Deal, LLC, and William Meagher, in Hillsborough County Superior Court on November 18, 2016. The plaintiffs assert state-law claims for defamation, invasion of privacy, and intentional interference with contractual relations. The defendants removed the suit to this court on December 22, 2016.

The sole basis for this court's jurisdiction invoked in the notice of removal is diversity of the parties. See 28 U.S.C. § 1332(a)(1). The complaint alleges that plaintiff SCA is an Arizona corporation with its principal place of business in that state, that individual plaintiff Hurry resides in Nevada, that individual defendant Meagher resides in California, and that The Deal is a Delaware limited liability company with its

principal place of business in New York.[1]  Defendants' notice of removal relies on these allegations, and its conclusion that "Defendants are variously citizens of New York, Delaware and California," to establish this court's diversity jurisdiction.[2]

For purposes of diversity jurisdiction, the allegations as to SCA, Hurry, and Meagher sufficiently identify the parties' citizenship.  A person, such as Hurry or Meagher, is a citizen of the state in which he is domiciled.  Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989).  A corporation like SCA is deemed to be a citizen of both its state of incorporation and the state in which it has its principal place of business. Wachovia Bank v. Schmidt, 546 U.S. 303, 306 (2006).

A limited liability company such as The Deal, however, is deemed to be a citizen of the same states as each of its members.  D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125 (1st Cir. 2011).  Neither the complaint nor the notice of removal contains any information regarding the citizenship of The Deal's members.  As a result, the court cannot be certain of its citizenship.  If any of its members is a citizen of Arizona or Nevada, The Deal will be considered a citizen of the same state, and this court will lack

---

[1] Compl. (doc. no. 1-1) ¶¶ 1-4.

[2] Notice of Removal (doc. no. 1) ¶¶ 5-7.

diversity jurisdiction.  Alvarez-Torres v. Ryder Mem'l Hosp., Inc., 582 F.3d 47, 53-54 (1st Cir. 2009).

The defendants, as the parties asserting this court's jurisdiction, bear the burden of establishing it.  Milford-Bennington R. Co. v. Pan Am Railways, Inc., 695 F.3d 175, 178 (1st Cir. 2012).  Accordingly, no later than **January 20, 2017**, the defendants shall file an affidavit of jurisdictional facts with the court.  The affidavit shall describe, to the best of the defendants' knowledge or belief, the identities and places of citizenship of all The Deal's members as of the date this action was filed.  In determining the place of citizenship of The Deal's members, defendants are reminded that, if any of those members are themselves unincorporated entities, then the citizenship of each of the members of those entities must also be determined.  D.B. Zwirn, 661 F.3d at 126-27.  Failure to comply with this order will result in dismissal of the case for failure to show subject-matter jurisdiction.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District

Dated:    January 6, 2017

cc:  George R. Moore, Esq.

Charles J. Harder, Esq.
Jordan Susman, Esq.
Elizabeth A. McNamara, Esq.
John M. Browning, Esq.
Steven M. Gordon, Esq.

4