UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| SCOTTSDALE CAPITAL ADVISORS CORP, AND JOHN HURRY, | ) ) ) |
| Plaintiffs, | ) ) ) CASE NO. 1:16-CV-00545 |
| v. | ) ) |
| THE DEAL, LLC AND WILLIAM MEAGHER, | ) ) |
| Defendants. | ) |

DECLARATION OF JOHN M. BROWNING
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

I, John M. Browning, being of lawful age and otherwise competent to testify in a court of law, do hereby declare under penalty of perjury that the following is true and correct pursuant to 28 U.S.C. §1746:

1. I am an associate at Davis Wright Tremaine LLP, counsel to defendants The Deal LLC and William Meagher (collectively, the "Defendants"). I have been admitted to practice before this Court *pro hac vice*. I make this declaration based on my personal knowledge and submit this declaration, together with the exhibits annexed hereto, in support of Defendants' motion to dismiss this action for lack of personal jurisdiction

2. On May 26, 2016, plaintiffs Scottsdale Capital Advisors Corp. and John Hurry (collectively, "Plaintiffs") filed a summons with notice with the Supreme Court of the State of New York, New York County through their counsel at that time, CKR Law ("CKR").[1]  CKR have not appeared in connection with the action currently pending before this Court.

---

[1] Under the New York Civil Practice Law and Rules (the "CPLR"), a plaintiff may serve a summons with notice in lieu of a complaint, provided the complaint is subsequently served on the defendant within the applicable time limit for doing so.

3.  On June 13, 2016, Defendants served a demand for complaint, which required Plaintiffs to serve a complaint on Defendants within twenty days of service of the demand. Defendants repeatedly agreed to extend the time for Plaintiffs to serve the complaint so that the parties could discuss whether it would be possible to resolve the action without resort to further litigation.

4.  During this period, I participated in a number of phone calls with Ronniel Levy, a CKR lawyer representing Plaintiffs at the time, who informed me that his clients wanted to know whether agents of the Financial Industry Regulatory Agency ("FINRA") had provided Mr. Meagher with information about Plaintiffs. Mr. Levy suggested to me that Plaintiffs were willing to voluntarily dismiss their New York lawsuit provided Defendants identify the unnamed sources Mr. Meagher relied on in his reporting about Plaintiffs' involvement in the Biozoom stock fraud for *The Deal Pipeline*. We informed Mr. Levy that the statutory reporters' shield law in New York provided Defendants with an absolute privilege against being compelled to reveal the identity of their confidential sources. *See* New York Civil Rights Law § 79-h(b). Accordingly, Defendants refused to identify Mr. Meagher's sources.

5.  After the parties were unable to reach a resolution, Plaintiffs served Defendants with their complaint on September 7, 2016 (the "New York Complaint"). A true and correct copy of the New York Complaint is annexed hereto as Exhibit A. The New York Complaint alleges a single libel claim based on a *Deal Pipeline* article published by Defendants on May 28, 2015, which is not at issue in this lawsuit (the "May 28 Article"). The New York Complaint also contains conclusory and unsupported allegations that Mr. Meagher's confidential sources for the May 28 Article were individuals "within FINRA or government regulatory agencies that have discussed confidential information involving Plaintiffs" and that "the identity of such sources

2

would not be protected by the NYS 'Shield' laws" protecting the anonymity of confidential sources. Exhibit A at ¶ 24; *see also id.* at ¶ 20.

6. In response to the New York Complaint, Defendants prepared to file a Rule 12(b)(6) motion to dismiss the New York Complaint for failure to state a claim. Plaintiffs were aware of Defendants' intention to move for dismissal and stipulated to several extensions of the deadline for filing the motion to dismiss. Without warning, on November 3, 2016 – the day before Defendants' were scheduled to file their motion to dismiss – Plaintiffs voluntarily withdrew the New York Complaint. Annexed hereto as Exhibit B is a true and correct copy of the notice of discontinuance without prejudice filed by CKR to withdraw the New York Complaint. Because Plaintiffs failed to give any prior indication that the New York action would be dismissed voluntarily, Defendants had practically finished briefing their motion to dismiss before learning that they had expended a substantial amount resources on futile motion papers.

7. Annexed hereto as Exhibit C is a true and correct copy of the decision in *Trump v. Tarpley*, 424492-V (Md. Cir. Ct. Feb. 1, 2017).

8. I certify under penalty of perjury that the foregoing is true and correct.

Dated: February 2, 2017

                                                      /s/ John M. Browning
                                                      John M. Browning