# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

SCOTTSDALE CAPITAL ADVISORS CORP,  )
AND JOHN HURRY,                    )
                                   )
            Plaintiffs,            )
                                   )    CASE NO. 1:16-CV-00545
        v.                         )
                                   )    Hon. Joseph Normand Laplante
THE DEAL, LLC AND WILLIAM MEAGHER, )
                                   )
            Defendants.            )
                                   )

# DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW
# IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS
# PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)

SHAHEEN & GORDON, P.A.
Steven M. Gordon
NH Bar No. 964
107 Storrs Street
P.O. Box 2703
Concord, NH 03302-2703
(603) 225-7262
sgordon@shaheengordon.com

DAVIS WRIGHT TREMAINE LLP
Elizabeth A. McNamara (*pro hac vice*)
John M. Browning (*pro hac vice*)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
(212) 489-8230
lizmcnamara@dwt.com
johnbrowning@dwt.com

*Attorneys for Defendants The Deal, LLC
and William Meagher*

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ....................................................................................................................... 1

I.      THE EVIDENCE PRODUCED BY DEFENDANTS DEMONSTRATES THAT
        PLAINTIFFS CANNOT ESTABLISH RELATEDNESS ................................................. 2

II.     PLAINTIFFS CANNOT ESTABLISH PURPOSEFUL AVAILMENT .......................... 6

III.    IT WOULD BE UNREASONABLE TO EXERCISE PERSONAL
        JURISDICTION OVER DEFENDANTS IN NEW HAMPSHIRE ................................... 9

CONCLUSION.......................................................................................................................... 10

4814-6574-6251v.3 0090219-000012

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A Corp v. All Am. Plumbing, Inc.*,
  812 F.3d 54 (1st Cir. 2016)..................................................................................................1

*Christian v. Barricade Books, Inc.*,
  No. 02-408-B, 2003 U.S. Dist. LEXIS 8555, DNH 078 (D.N.H. May 15,
  2003) ................................................................................................................................5, 6

*Conlin Enter. Corp. v. SNEWS, LLC*,
  No. 2 07 cv 922, 2008 U.S. Dist. LEXIS 23220 (D. Utah Mar. 24, 2008)..........................8, 9

*Keeton v. Hustler Magazine, Inc.*,
  465 U.S. 770 (1984).........................................................................................................7, 8

*Noonan v. Winston Co.*,
  135 F.3d 85 (1st Cir. 1998)...................................................................................................9

*Phillips Exeter Acad. v. Howard Phillips Fund*,
  196 F.3d 284 (1st Cir. 1999).................................................................................................6

*R&R Auction Co. v. Johnson*,
  No. 15-cv-199-PB, 2016 U.S. Dist. LEXIS 67273, DNH 195 (D.N.H. May 23,
  2016) ..................................................................................................................................10

*Sawtelle v. Farrell*,
  70 F.3d 1381 (1st Cir. 1995).................................................................................................9

*Sefton v. Jew*,
  201 F. Supp. 2d 730 (W.D. Tex. 2001).................................................................................9

*Ticketmaster-New York, Inc. v. Alioto*,
  26 F.3d 201 (1st Cir. 1994)...........................................................................................1, 2, 9

*United States v. Swiss Am. Bank*,
  274 F.3d 610 (1st Cir. 2001).................................................................................................2

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.*,
  952 F. Supp. 1119 (W.D. Pa. 1997)...................................................................................8, 9

4814-6574-6251v.3 0090219-000012

Defendants respectfully submit this supplemental memorandum of law in further support of their motion to dismiss the Complaint for lack of personal jurisdiction.[1]

## INTRODUCTION

Even with the benefit of discovery, Plaintiffs cannot satisfy the critical element of relatedness, which requires a showing that there is a "nexus between [a plaintiff's] claims and [the defendant's] forum-based activities." *A Corp v. All Am. Plumbing, Inc.*, 812 F.3d 54, 59 (1st Cir. 2016). "The burden of proving jurisdictional facts rests on the shoulders of the party who seeks to invoke the court's jurisdiction." *See also Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 207 n.9 (1st Cir. 1994). Plaintiffs have failed to shoulder their burden because there is no evidence that Defendants' meager contacts with New Hampshire caused Plaintiffs any harm in this State. ███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

Since Defendants' contacts with New Hampshire did not cause the harm Plaintiffs now claim to have suffered in this State, the complaint must be dismissed.

Discovery also underscores the lack of purposeful availment necessary to justify haling Defendants into court in New Hampshire. ███████████████████████████

███████████████████████████████████████████████████

███████████████████████████ Given the fact that the Articles have nothing whatsoever to do with New Hampshire and the Plaintiffs likewise have no connection to the State, this small distribution is insufficient in and of itself to establish purposeful availment.

---

[1] Unless otherwise specified, capitalized and abbreviated terms will have the same definition that they had in Defendants' moving memoranda of law (Defs.' Mem., Defs.' Reply) and supporting declarations or in Plaintiffs' opposition brief (Opp. Br.) and supporting declarations.

1

Finally, nothing in the evidence produced by Defendants affects the application of the *gestalt* factors used to assess whether it would be reasonable to subject Defendants to Plaintiffs' lawsuit. In particular, the fact that Plaintiffs have unapologetically engaged in a pattern of harassment against Defendants weighs heavily in favor of dismissal.

## I.    THE EVIDENCE PRODUCED BY DEFENDANTS DEMONSTRATES THAT PLAINTIFFS CANNOT ESTABLISH RELATEDNESS

As the Court noted at oral argument, if Defendants can "knock out relatedness," this showing would go a long way down "the road of knocking the case out for lack of personal jurisdiction." Browning Supp. Decl. Ex. A, [Tr. 13:23-14:12]. The purpose of the relatedness prong is to ensure "that the element of causation remains in the forefront of the due process investigation." *Ticketmaster*, 26 F.3d at 207. To survive dismissal the burden is on Plaintiffs to establish relatedness by establishing that their action "arise[s] out of specific contacts between the defendant" and New Hampshire. *United States v. Swiss Am. Bank*, 274 F.3d 610, 621 (1st Cir. 2001). Plaintiffs must therefore demonstrate that subscribers to The Deal located in New Hampshire actually read the Articles in suit and were injured by the Articles' alleged falsity. This they cannot do.

4814-6574-6251v.3 0090219-000012



3



███████████████████████████████  ████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████

     ███████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████  By way of analogy, the court in

*Barricade Books* held that the shipment of an unsold book to a bookstore in New Hampshire did

not establish relatedness, even though it is conceivable that browsing customers picked up the

book, read the allegedly defamatory statement in suit and put the book back on the shelf before it

was shipped back.  *See Christian v. Barricade Books, Inc.*, No. 02-408-B, 2003 U.S. Dist.

LEXIS 8555, at *9-10, DNH 078, 7-9 (D.N.H. May 15, 2003).  ███████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

█████████████████████████████████████

     ███████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

5

███████████████████████████████████████████  The District of New Hampshire's decision in *Barricade Books* again provides a useful analogy pointing squarely to dismissal.  In that case, a libel plaintiff attempted to establish relatedness over an out-of-state publisher on the basis that the publisher shipped a copy "of a single book to the Dartmouth Book Store."  *Barricade Books*, 2003 U.S. Dist. LEXIS 8555, at *9-10.  Rejecting this argument, the court held that a publisher's "shipment of a single book" to New Hampshire could not "satisfy the relatedness requirement because the book was unsold, uncirculated, and ultimately was returned to Barricade."  *Id*.  Precisely the same rationale applies here: Plaintiffs cannot establish relatedness by showing that The Deal delivered email newsletters to two New Hampshire residents given the evidence that those newsletters were never actually read.[5]

In sum, the absence of any evidence that a New Hampshire subscriber to The Deal ever read the Articles, even after discovery, is fatal to Plaintiffs efforts to demonstrate relatedness. The Court need not go any further to dismiss Plaintiffs' action for lack of personal jurisdiction.

## II.   PLAINTIFFS CANNOT ESTABLISH PURPOSEFUL AVAILMENT

In addition to fatally undermining Plaintiffs' relatedness argument, the evidence produced by Defendants does not bring Plaintiffs any closer to establishing the necessary element of purposeful availment.

---

[5] In seeking to establish relatedness at oral argument, counsel for Plaintiffs also suggested that the relatedness element could be satisfied by the existence of a single contract between Defendants and Dartmouth College.  However, by arguing relatedness exists because "the [A]rticles at issue never would have been circulated in New Hampshire" if Defendants had not sold a subscription to Dartmouth College, Plaintiffs have impermissibly conflated relatedness with purposeful availment.  *See* Browning Supp. Decl. Ex. A, Tr. [21:22-22:8].  Moreover, there is no authority that the single subscription sold to Dartmouth College is capable of establishing "a sufficient 'causal nexus'" between Defendants' New Hampshire conduct and Plaintiffs' claims.  *Phillips Exeter Acad. v. Howard Phillips Fund*, 196 F.3d 284, 289 (1st Cir. 1999).  Far from suggesting that Plaintiffs were injured by the distribution of allegedly false Articles to residents of New Hampshire, there is no evidence that any person used the Dartmouth College subscription to read the Articles – or even that a single person located in New Hampshire ever read the Articles via a subscription to The Deal.

4814-6574-6251v.3 0090219-000012

Since Plaintiffs have conceded that the Articles have nothing to do with New Hampshire, their argument for purposeful availment rests entirely on proving that The Deal distributed a substantial number of copies of its content to New Hampshire subscribers.  But the evidence produced by Defendants only serves to underscore the fact that Plaintiffs cannot establish distribution of content in New Hampshire equivalent to the "regular monthly sales of thousands of magazines" found to be sufficient in *Keeton*.  *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984).  Most importantly, Dartmouth is the one and only  New Hampshire-based subscriber to The Deal.  Clearly, the sale of a single subscription cannot satisfy the purposeful availment element when personal jurisdiction has been found lacking in cases where an out-of-state publisher had a significantly larger subscriber base.  *See* Defs.' Mem. 18-22 (citing cases).

Plaintiffs no doubt will argue that purposeful availment can be established by the number of Dartmouth users theoretically able to access The Deal's content.  ███████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

Such a small distribution cannot satisfy the requirements of purposeful availment.  *See* Defs.' Reply 2-4 (citing cases).  ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

6 ███████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

4814-6574-6251v.3 0090219-000012



Plaintiffs' heavy reliance on the *Zippo* line of cases is also misplaced. Plaintiffs just ignore the critical fact that, personal jurisdiction was found in each of the *Zippo* cases because the plaintiffs were residents of the forum state, but here Plaintiffs concede that they have no relationship whatsoever with New Hampshire. *See, e.g.*, *Conlin Enter. Corp. v. SNEWS, LLC*, No. 2 07 cv 922, 2008 U.S. Dist. LEXIS 23220, at *22 (D. Utah Mar. 24, 2008) (noting the "explicit purpose" of allegedly defamatory newsletter "was to harm the Plaintiffs who are [forum-state] residents"). Moreover, each of the *Zippo* cases cited by Plaintiffs involved far more than one subscriber to their service and significantly more in-state users of the out-of-state defendant's product. *See Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1121

---

[7] It is also anticipated that Plaintiffs will attempt to use evidence of general business or administrative contacts between Dartmouth College and The Deal to establish purposeful availment. ███████ █████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████ Last, the amount of revenue received from Dartmouth College is insufficient to show the necessary level of direct engagement with New Hampshire, given the fact that the total amount of money coming from New Hampshire is a miniscule fraction (approximately 0.15%) of The Deal's total income. *See* Lundberg Decl. ¶ 17.

8

(W.D. Pa. 1997) (3,000 in-state subscribers); *Conlin*, 2008 U.S. Dist. LEXIS 23220, at *18 (60

subscribers); *Sefton v. Jew*, 201 F. Supp. 2d 730, 740 (W.D. Tex. 2001) (695 forum-state

subscriptions).[8]

At bottom, there is nothing in the evidence produced by The Deal that remotely suggests

Plaintiffs have met their burden of demonstrating purposeful availment.

### III.    IT WOULD BE UNREASONABLE TO EXERCISE PERSONAL JURISDICTION OVER DEFENDANTS IN NEW HAMPSHIRE

Assuming *arguendo* that Plaintiffs have made "a borderline showing of relatedness and

purposeful availment" (which they have not), they must make "an especially solid showing of

reasonableness" in order to justify the exercise of personal jurisdiction over Defendants.

*Sawtelle v. Farrell*, 70 F.3d 1381, 1396 (1st Cir. 1995).  This they have failed to do.  The

reasonableness factors include "(1) the defendant's burden of appearing [in the forum state], (2)

the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining

convenient and effective relief, (4) the judicial system's interests in obtaining the most effective

resolution of the controversy, and (5) the common interest of all sovereigns in promoting

substantive social policies." *Ticketmaster*, 26 F.3d at 209.  Discovery has not produced any

evidence that bolsters Plaintiffs' ability to satisfy any of these factors.

Particularly significant to this case, however, is Plaintiffs' pattern of harassment and

litigation gamesmanship.  Since "the appearance of possible harassment . . . cuts strongly against

---

[8] Plaintiffs have also failed to establish that the sale of one subscription to Dartmouth College constitutes a "single substantial act" sufficient to establish personal jurisdiction.  The cases cited by Plaintiffs' counsel at oral argument were patent and trademark infringement cases arising from defendants directly selling allegedly infringing goods or services to individuals located in the forum state.  *See* Browning Supp. Decl. Ex. A, Tr. [26:3-7].  Unlike defendants using the internet to sell infringing goods directly to the forum state, an out-of-state publisher cannot be hauled into court to face a libel claim based on the sale of a "single" subscription.  Rather, there must be a showing of substantial distribution targeted at the forum state to establish purposeful availment in this context.  *See, e.g.*, *Noonan v. Winston Co.*, 135 F.3d 85, 91 (1st Cir. 1998) ("regular circulation of a large number of magazines" required to establish personal jurisdiction over out-of-state publisher).

jurisdiction" in the District of New Hampshire, there is a strong public policy incentive to discourage future bad conduct in litigation by declining to extend personal jurisdiction. *R&R Auction Co. v. Johnson*, No. 15-cv-199-PB, 2016 U.S. Dist. LEXIS 67273, at *9, 2016 DNH 195, at 8 (D.N.H. May 23, 2016). As the Court recognized during oral argument, the fact that Defendants withdrew the New York Action on the eve of Defendants' deadline to file a motion to dismiss is a particularly egregious example of Plaintiffs "playing games and trying to harass [Defendants] and being burdensome." Browning Supp. Decl. Ex. A, Tr. [28:2-29:12].[9] *See also* Defs.' Mem. 6-9 (setting forth instances of harassment). This pattern of misconduct weighs heavily against an award of personal jurisdiction.[10]

In sum, given Plaintiffs history of litigation gamesmanship and failure to come forward with a compelling reason why it would be reasonable to allow their case to proceed, it would be fundamentally unfair to exercise New Hampshire's *in personam* jurisdiction over Defendants.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed for lack of personal jurisdiction.

DATED: July 6, 2017                           Respectfully submitted,

                                              The Deal, LLC and William Meagher
                                              By Their Attorneys:
                                              SHAHEEN & GORDON, P.A.

                                              /s/ Steven M. Gordon
                                              Steven M. Gordon
                                              NH Bar No. 964

---

[9] The excuse Plaintiffs offered at oral argument for suddenly withdrawing the New York Action rings hollow. Attorney Susman asserted that Plaintiffs' previous counsel "had given [Defendants] multiple . . . extensions to file their motion, and in fact . . . were on the verge of giving them another one, and at that point we decided it was better to just dismiss the case and refile it here." Browning Supp. Decl. Ex. A, Tr. [29:4-9]. To the contrary, Defendants had *not* sought any such extension and stood ready to file their motion to dismiss on November 4, 2017, one day after the New York Action was withdrawn and Plaintiffs' behavior is not conducive to this Court reaching to find jurisdiction. *Id.* ¶ 12.

[10] Plaintiffs independently have made no showing to support exercising jurisdiction over Defendant Meagher.

4814-6574-6251v.3 0090219-000012

107 Storrs Street, P.O. Box 2703
Concord, NH 03302-2703
(603) 225-7262
sgordon@shaheengordon.com

DAVIS WRIGHT TREMAINE LLP
Elizabeth A. McNamara (*pro hac vice*)
John M. Browning (*pro hac vice*)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
(212) 489-8230

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Defendants' Memorandum of Law in Support of their Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) was served on the following persons on this date and in the manner specified herein:

<u>Electronically Served Through ECF</u>:
      George R. Moore, Esq.- gmoore@devinemillimet.com
      Christopher D. Hawkins, Esq. - chawkins@devinemillimet.com

<u>Via 1st Class Mail</u>

      Charles J. Harder, Esq. (*pro hac vice*) - charder@hmafirm.com
      Jordan Susman, Esq. (*pro hac vice*) - jsusman@hmafirm.com
      Steven Frackman, Esq. (*pro hac vice*) - sfrackman@hmafirm.com


Dated: July 6, 2017              /s/ Steven M. Gordon
                             Steven M. Gordon, NH Bar #964